Jonathan S. Henes, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

*Proposed Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE ENTERTAINMENT | ) | Case No. 19-23774 (RDD) |
| SERVICES GROUP INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4051725 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BOBCO PRODUCTIONS LLC, | ) | Case No. 19-23775 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-0674221 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPANY 3 LLC, | ) | Case No. 19-23776 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 32-0554637 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE (DELAWARE) CANADA HOLDINGS CORPORATION, | ) | Case No. 19- 23773 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4160088 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE 3D LLC, | ) | Case No. 19-23777 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-2109262 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE CREATIVE SERVICES INC., | ) | Case No. 19-23778 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-3034570 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE DIGITAL CINEMA INC., | ) | Case No. 19-23779 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 80-0603086 | ) | |
| | ) | |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE DIGITAL DISTRIBUTION INC., | ) | Case No. 19-23780 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-3978779 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE ENCORE INC., | ) | Case No. 19-23781 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-4338286 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE GOVERNMENT SOLUTIONS LLC, | ) | Case No. 19-23782 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4969210 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE INDIA HOLDINGS 1 LLC, | ) | Case No. 19-23783 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4528436 | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE INDIA HOLDINGS 2 LLC, | ) | Case No. 19-23784 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4532712 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE LABORATORIES LLC, | ) | Case No. 19-23785 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 58-1919567 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE MEDIA INC., | ) | Case No. 19-23787 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-3736243 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE MEDIA MANAGEMENT INC., | ) | Case No. 19-23788 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-0072935 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE ONE LLC, | ) | Case No. 19-23789 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-1224517 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE SHARED SERVICES INC., | ) | Case No. 19-23790 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-5511341 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DX HOLDINGS LLC, | ) | Case No. 19-23791 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4159518 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL DIGITAL MEDIA XCHANGE LLC, | ) | Case No. 19-23792 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-0597199 | ) | |
| | ) | |

5

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MEDIARECALL LLC, | ) | Case No. 19-23793 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-2573872 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SFERA LABS, LLC, | ) | Case No. 19-23794 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-5401133 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SFERA STUDIOS LLC, | ) | Case No. 19-23795 (RDD) |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-3203661 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| SOFTITLER NET, INC., | ) | Case No. 19-23796 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-4578287 | ) | |
| | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| TS GP 2 LLC, | ) | Case No. 19-23797 (RDD) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| TS INTEREST HOLDCO 1 LLC, | ) | Case No. 19-23798 (RDD) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| TS INTEREST HOLDCO 2 LLC, | ) | Case No. 19-23799 (RDD) |
| Debtor. | ) | |
| Tax I.D. No. 83-4532712 | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| TS US LLC, | ) | Case No. 19-23800 (RDD) |
| Debtor. | ) | |
| Tax I.D. No. N/A | ) | |

### DEBTORS' MOTION FOR ENTRY
### OF AN ORDER (I) DIRECTING JOINT ADMINISTRATION
### OF THEIR RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

7

respectfully state the following in support of this motion (the "Motion"):[1]

## Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief.  Specifically, the Debtors request that the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") maintain one file and one docket for all of the jointly administered cases under the case of Deluxe Entertainment Services Group Inc. and that the cases be administered under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE ENTERTAINMENT | ) | Case No. 19-23774 (RDD) |
| SERVICES GROUP INC., *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The last four digits of Debtor Deluxe Entertainment Services Group Inc.'s tax identification number are 1725. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' Solicitation Agent at: https://cases.primeclerk.com/deluxe.  The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1014, White Plains, New York, 10606.

---

[1] A detailed description of the Debtors and their business, and the facts and circumstances supporting this Motion are set forth in the *Declaration of John Eric "Eric" Cummins, Executive Vice President and Chief Financial Officer at Deluxe Entertainment Services Group Inc., (I) in Support of Chapter 11 Petitions and First Day Pleadings and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated herein by reference.  Capitalized terms used but not otherwise defined herein will have the meanings ascribed to them in the First Day Declaration.

2.     The Debtors further request that the Bankruptcy Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

3.     The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of Deluxe Entertainment Services Group Inc.:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of:  Deluxe Entertainment Services Group Inc., Case No. 19-23774; Bobco Productions LLC, Case No. 19-23774; Company 3 LLC, Case No. 19-23776; Deluxe (Delaware) Canada Holdings Corporation, Case No. 19-23773; Deluxe 3D LLC, Case No. 19-23777; Deluxe Creative Services Inc., Case No. 19-23778; Deluxe Digital Cinema Inc., Case No. 19-23779; Deluxe Digital Distribution Inc., Case No. 19-23780; Deluxe Encore Inc., Case No. 19-23781; Deluxe Government Solutions LLC, Case No. 19-23782; Deluxe India Holdings 1 LLC, Case No. 19-23783; Deluxe India Holdings 2 LLC, Case No. 19-23784; Deluxe Laboratories LLC, Case No. 19-23785; Deluxe Media Inc., Case No. 19-23787; Deluxe Media Management Inc., Case No. 19-23788; Deluxe One LLC, Case No. 19-23789; Deluxe Shared Services Inc., Case No. 19-23790; DX Holdings LLC, Case No. 19-23791; Global Digital Media XChange LLC, Case No. 19-23792; MediaRecall LLC; Case No. 19-23793; Sfera Labs, LLC, Case No. 19-23794; Sfera Studios LLC, Case No. 19-23795; Softitler Net, Inc., Case No. 19-23796; TS GP 2 LLC, Case No. 19-23797; TS Interest Holdco 1 LLC, Case No. 19-23798; TS Interest Holdco 2 LLC, Case No. 19-23799; TS US LLC, Case No. 19-23800.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-23774 (RDD).**

4.     The Debtors also seek authority to file their monthly operating reports to the extent necessary or required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), by consolidating the information required

for each Debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## Jurisdiction and Venue

5.      The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

8.      Deluxe Entertainment Services Group Inc. ("Deluxe"), is among the world's leading content creation-to-distribution companies, utilizing its scale, technology, and expertise to enable the worldwide market for professionally created content.  Deluxe has been a trusted partner to Hollywood studios, independent filmmakers, television networks, online content producers, brands, and anyone looking to bring stories and experiences to audiences for more than 100 years.  Providing one of the industry's most comprehensive suites of end-to-end digital

media services, Deluxe believes it is uniquely positioned to transform, manage, localize, and deliver content to any type of device at any time.

9.    Deluxe broadly operates its business in two primary segments:  Distribution and Creative.  The Distribution business focuses on the transformation, management, and delivery of content to any screen around the globe, and consists primarily of the following business lines: localization (e.g., subtitling and dubbing content for assorted languages), delivery operations (e.g., physical and digital fulfillment services and playout services), and digital cinema services (e.g., mastering and distribution of content for cinemas), which business lines are supported by Deluxe's cloud-based platform, Deluxe One.  Launched in late 2018, Deluxe One is a cloud-based platform that simplifies how clients' content is created, stored, and delivered to audiences.  Through the platform, content creators and distributors can integrate their systems and vendors using Deluxe One's open-API architecture, providing a central hub to manage virtually every step of the workflow from creation to delivery.

10.    Deluxe's Creative business enables content and commercial creators around the world to bring their visions to life.  The Creative business is made up of industry leading visual effects and post-production brands, including Method, Stereo D, Encore, EFILM, and Company 3.    Deluxe's Creative business provides state of the art visual effects and post-production services, including editorial, color, and finishing services, and offers clients creative talent, technical expertise, and global connectivity for features, episodic content, advertising, and immersive content.    The Creative business employs leading artists, color scientists, and technologists who are recognized for their ability to realize the creative visions of the entertainment and advertising industries' greatest creators.

11.     On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.  Additional information regarding the Debtors and their prepetition operations and capital structure is set forth in the First Day Declaration, filed contemporaneously herewith.

## Basis for Relief

12.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015.  The Debtors are a group of "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Bankruptcy Court to grant the relief requested herein.

13.     Section 105(a) of the Bankruptcy Code provides the Bankruptcy Court with the power to grant the relief requested herein by permitting the Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]."  11 U.S.C. § 105(a).

14.     Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple, related debtors.  *See, e.g., In re Barneys, New York Inc.*, Case No. 19-36300 (CGM) (Bankr. S.D.N.Y. August 7, 2019); *In re Hollander Sleep Products*, LLC, Case No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019) (directing joint administration of chapter 11 cases); *In re Sungard Availability Serv. Capital, Inc.*, Case No. 19-22915 (RDD) (Bankr. S.D.N.Y. May 2, 2019) (same); *In re Windstream*

*Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. February 28, 2019) (same); *In re FULLBEAUTY Brands Holdings Corp.*, Case No. 19-22185 (RDD) (Bankr. S.D.N.Y. February 7, 2019) (same).[2]

15.     Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest.   Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity.   The entry of the Order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.   Joint administration also will allow the U.S. Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

16.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates.   Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.   Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

**Motion Practice**

17.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion.   Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

---

[2]     Because of the voluminous nature of the orders cited herein, such orders have not been attached to this Motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

## Notice

18.     The Debtors will provide notice of this Motion to:  (a) the United States Trustee for the Southern District of New York, Attn.:  Richard C. Morrissey, Esq.; (b) the Holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the Existing ABL Agent; (d) the Senior Priming Term Loan Agent; (e) the Priming Term Loan Agent; (f) the Existing Term Loan Agent; (g) counsel to the Existing ABL Agent, Senior Priming Term Loan Agent, Priming Term Loan Agent, and Existing Term Loan Agent, Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, New York 10019, Attn.:  Paul H. Zumbro, George E. Zobitz, and Sarah Rosen; (h) counsel to the Ad Hoc Committee, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn.:  Kristopher Hansen, Jonathan Canfield, and Gabriel Sasson; (i) MAFCO; (j) counsel to MAFCO, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attn:  Shana Elberg and Mark McDermott; (k) the United States Attorney's Office for the Southern District of New York; (l) the Internal Revenue Service; (m) the United States Securities and Exchange Commission; (n) the Environmental Protection Agency, and all similar state environmental agencies; (o) attorneys general in the states where the Debtors conduct their business operations; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Bankruptcy Court enter the

Order granting the relief requested herein and such other relief as the Bankruptcy Court deems

appropriate under the circumstances.

Dated: October 3, 2019          */s/ Jonathan S. Henes*
New York, New York              Jonathan S. Henes, P.C.
                                **KIRKLAND & ELLIS LLP**
                                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                601 Lexington Avenue
                                New York, New York 10022
                                Telephone:    (212) 446-4800
                                Facsimile:    (212) 446-4900

                                *Proposed Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE ENTERTAINMENT | ) | Case No. 19-23774 (RDD) |
| SERVICES GROUP INC., | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4051725 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BOBCO PRODUCTIONS LLC, | ) | Case No. 19-23775 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-0674221 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| COMPANY 3 LLC, | ) | Case No. 19-23776 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 32-0554637 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE (DELAWARE) CANADA | ) | Case No. 19- 23773 (RDD) |
| HOLDINGS CORPORATION, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4160088 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE 3D LLC, | ) | Case No. 19-23777 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-2109262 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE CREATIVE SERVICES INC., | ) | Case No. 19-23778 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-3034570 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE DIGITAL CINEMA INC., | ) | Case No. 19-23779 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 80-0603086 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE DIGITAL DISTRIBUTION INC., | ) | Case No. 19-23780 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-3978779 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE ENCORE INC., | ) | Case No. 19-23781 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-4338286 | ) | |

2

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE GOVERNMENT | ) | Case No. 19-23782 (RDD) |
| SOLUTIONS LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4969210 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE INDIA HOLDINGS 1 LLC, | ) | Case No. 19-23783 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4528436 | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | |
| DELUXE INDIA HOLDINGS 2 LLC, | ) | Case No. 19-23784 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 83-4532712 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE LABORATORIES LLC, | ) | Case No. 19-23785 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 58-1919567 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE MEDIA INC., | ) | Case No. 19-23787 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-3736243 | ) | |
| | ) | |

3

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE MEDIA MANAGEMENT INC., | ) | Case No. 19-23788 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-0072935 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE ONE LLC, | ) | Case No. 19-23789 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 26-1224517 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE SHARED SERVICES INC., | ) | Case No. 19-23790 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-5511341 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DX HOLDINGS LLC, | ) | Case No. 19-23791 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-4159518 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GLOBAL DIGITAL MEDIA XCHANGE LLC, | ) | Case No. 19-23792 (RDD) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 81-0597199 | ) | |
| | ) | |

4

| | |
|---|---|
| In re: | Chapter 11 |
| MEDIARECALL LLC, | Case No. 19-23793 (RDD) |
| Debtor. | |
| Tax I.D. No. 47-2573872 | |

| | |
|---|---|
| In re: | Chapter 11 |
| SFERA LABS, LLC, | Case No. 19-23794 (RDD) |
| Debtor. | |
| Tax I.D. No. 46-5401133 | |

| | |
|---|---|
| In re: | Chapter 11 |
| SFERA STUDIOS LLC, | Case No. 19-23795 (RDD) |
| Debtor. | |
| Tax I.D. No. 45-3203661 | |

| | |
|---|---|
| In re: | Chapter 11 |
| SOFTITLER NET, INC., | Case No. 19-23796 (RDD) |
| Debtor. | |
| Tax I.D. No. 95-4578287 | |

| | |
|---|---|
| In re: | Chapter 11 |
| TS GP 2 LLC, | Case No. 19-23797 (RDD) |
| Debtor. | |
| Tax I.D. No. N/A | |

5

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TS INTEREST HOLDCO 1 LLC, | ) | Case No. 19-23798 (RDD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. N/A | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TS INTEREST HOLDCO 2 LLC, | ) | Case No. 19-23799 (RDD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. 83-4532712 | ) |  |
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| TS US LLC, | ) | Case No. 19-23800 (RDD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Tax I.D. No. N/A | ) |  |
|  | ) |  |

## ORDER (I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, "the Debtors") for entry of an order (this "Order"), (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern*

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*District of New York*, dated January 31, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 19-23774 (RDD).

3.      The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| DELUXE ENTERTAINMENT | ) | Case No. 19-23774 (RDD) |
| SERVICES GROUP INC., *et al.,*[1] | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

---

[1] The last four digits of Debtor Deluxe Entertainment Services Group Inc.'s tax identification number are 1725. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' Solicitation

Agent at: https://cases.primeclerk.com/deluxe.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  50 Main Street, Suite 1014, White Plains, New York, 10606.

4.     The foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

5.     A docket entry, substantially similar to the following, shall be entered on the docket of each of the debtors other than Deluxe Entertainment Services Group Inc. to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the joint administration of the chapter 11 cases of:  Deluxe Entertainment Services Group Inc., Case No. 19-23774; Bobco Productions LLC, Case No. 19-23774; Company 3 LLC, Case No. 19-23776; Deluxe (Delaware) Canada Holdings Corporation, Case No. 19-23773; Deluxe 3D LLC, Case No. 19-23777; Deluxe Creative Services Inc., Case No. 19-23778; Deluxe Digital Cinema Inc., Case No. 19-23779; Deluxe Digital Distribution Inc., Case No. 19-23780; Deluxe Encore Inc., Case No. 19-23781; Deluxe Government Solutions LLC, Case No. 19-23782; Deluxe India Holdings 1 LLC, Case No. 19-23783; Deluxe India Holdings 2 LLC, Case No. 19-23784; Deluxe Laboratories LLC, Case No. 19-23785; Deluxe Media Inc., Case No. 19-23787; Deluxe Media Management Inc., Case No. 19-23788; Deluxe One LLC, Case No. 19-23789; Deluxe Shared Services Inc., Case No. 19-23790; DX Holdings LLC, Case No. 19-23791; Global Digital Media XChange LLC, Case No. 19-23792; MediaRecall LLC; Case No. 19-23793; Sfera Labs, LLC, Case No. 19-23794; Sfera Studios LLC, Case No. 19-23795; Softitler Net, Inc., Case No. 19-23796; TS GP 2 LLC, Case No. 19-23797; TS Interest Holdco 1 LLC, Case No. 19-23798; TS Interest Holdco 2 LLC, Case No. 19-23799; TS US LLC, Case No. 19-23800.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-23774 (RDD).**

6.     One consolidated docket, one file, and one consolidated service list shall be maintained by the Debtors and kept by the clerk of the Bankruptcy Court with the assistance of the notice and claims agent retained by the Debtors in these chapter 11 cases.

8

7.     The Debtors may file their monthly operating reports required by the *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, issued by the U.S. Trustee, by consolidating the information required for each debtor in one report that tracks and breaks out all of the specific information (*e.g.*, receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

8.     Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective cases.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of the local rules of this Court are satisfied by such notice.

11.    Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12.    Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

White Plains, New York
Dated: _____, 2019

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE