**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DELUXE ENTERTAINMENT | ) | Case No. 19-23774(RDD) |
| SERVICES GROUP INC., *et al.*,[1] | ) |  |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

**ORDER (I) SCHEDULING
A COMBINED DISCLOSURE STATEMENT
APPROVAL AND PLAN CONFIRMATION HEARING,
(II) ESTABLISHING PLAN AND DISCLOSURE STATEMENT
OBJECTION AND REPLY DEADLINES AND RELATED PROCEDURES,
(III) APPROVING THE SOLICITATION PROCEDURES, (IV) APPROVING
THE COMBINED HEARING NOTICE, (V) DIRECTING THAT A MEETING
OF CREDITORS NOT BE CONVENED, AND (VI) SHORTENING THE NOTICE
REQUIREMENTS RELATED THERETO, AND (VIII) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) scheduling the Combined Hearing on the adequacy of the Disclosure Statement and confirmation of the Plan, (b) establishing the Objection Deadline, the Reply Deadline, and approving related procedures, (c) approving the Solicitation Procedures, (d) approving the form and manner of the Combined Hearing Notice, (e) directing that the U.S. Trustee not convene the Creditors' Meeting if the Plan is confirmed within seventy-five (75) days of the Petition Date, (f) shortening and the notice period for the Combined Hearing and the Objection Deadline, and (g) allowing the notice period for the

---

[1] The last four digits of Debtor Deluxe Entertainment Services Group Inc.'s tax identification number are 1725. Due to the large number of Debtors in these chapter 11 cases, for which joint administration has been requested, a complete list of the Debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' Solicitation Agent at https://cases.primeclerk.com/deluxe. The location of the Debtors' service address for purposes of these chapter 11 cases is: 50 Main Street, Suite 1014, White Plains, New York, 10606.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, Plan, or Disclosure Statement, as applicable.

Disclosure Statement and Combined Hearing to run simultaneously having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.§ 157(b)(2) that it may decide by a final order consistent with Article III of the United States Constitution; and this Court having found that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice thereof need be provided; and upon the record of the hearing held by the Court on the Motion on October 4, 2019 (the "Hearing") and all of the proceedings herein; and there being no objections to the relief granted hereby; and after due deliberation this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish good and sufficient cause for the relief granted herein, which is in the best interests of the Debtors' estates, their creditors, and other parties in interest; now, therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Combined Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall be held on October 24, 2019 at 10:00 a.m., prevailing Eastern Time.

3. Any objections to adequacy of the Disclosure Statement and/or confirmation of the Plan must be filed and served, with a copy to the Court's chambers, so as to be received as set forth in paragraph 5(e) of this Order by October 21, 2019 at 5:00 p.m., prevailing Eastern Time.

4. Any brief in support of confirmation of the Plan and reply to any objections shall be filed and served, with a copy to the Court's chambers, so as to be received on or before October 23, 2019 at 4:00 p.m., prevailing Eastern Time.

5. Any objections to the Disclosure Statement or confirmation of the Plan must:

   a. be in writing;

   b. comply with the Bankruptcy Rules, the Local Rules, and any other case management rules and orders of the Court;

   c. set forth the name of the objector, and the nature and amount of any claim or interest asserted by the objector against the estate or property of the Debtors;

   d. state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and

   e. be served by personal service or by overnight delivery, so as to be **ACTUALLY RECEIVED no later than 5:00 p.m. (prevailing Eastern time) on October 21, 2019**, by: (a) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022 Attn: Jonathan S. Henes, P.C.; Kirkland & Ellis LLP 300 North LaSalle, Chicago, IL 60654 Attn: Joshua Altman; (b) Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014, Attn.: Richard C. Morrissey, Esq.; (c) counsel to any statutory committee appointed in these chapter 11 cases; (d) counsel to the Existing ABL Agent, Senior Priming Term Loan Agent, Priming Term Loan Agent, and Existing Term Loan Agent, Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, New York 10019, Attn.: Paul H. Zumbro, George E. Zobitz, and Sarah Rosen; (e) counsel to the Ad Hoc Group, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn.: Kristopher Hansen, Jonathan Canfield, and Gabriel Sasson, with a copy to the Court's chambers.

6. Any objections not satisfying the requirements of this Order may not be considered and may be overruled.

7. The Combined Hearing Notice, a copy of which is attached to the Motion as **Exhibit 1**, and the Publication Notice, substantially in the form attached to the Motin as **Exhibit**

**2**, revised to conform with this Order, and service thereof comply with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are approved and deemed to be sufficient and appropriate under the circumstances.

8. The Voting Record Date is approved.

9. The Voting Deadline shall be October 21, 2019 at 5:00 p.m., prevailing Eastern Time.

10. The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and are approved.

11. The Ballots, substantially in the forms attached to the Motion as **Exhibit 3** and **Exhibit 4**, revised to conform with this Order, and the terms and conditions therein, are approved.

12. The Solicitation Procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are approved.

13. The Debtors are not required to mail a copy of the Plan or the Disclosure Statement to Holders of Claims that are (a) Unimpaired and conclusively presumed to accept the Plan or (b) Impaired and deemed to reject the Plan.

14. The Debtors shall cause to be posted to their public case website, https://cases.primeclerk.com/deluxe, maintained by the Solicitation Agent, various chapter 11 related documents (to the extent not already posted), including the following: (a) the Plan; (b) the Disclosure Statement; (c) the Motion and any orders entered in connection with the Motion; and (d) the Combined Hearing Notice.

15. The notice and objection procedures set forth in this Order and the Motion constitute good and sufficient notice of the Combined Hearing; commencement of these chapter 11 cases; and the deadline and procedures for objection to approval of the Solicitation Procedures, adequacy of the Disclosure Statement, and confirmation of the Plan, and no other or further notice shall be necessary.

16. The U.S. Trustee need not and shall not convene a Creditors' Meeting pursuant to section 341(e) of the Bankruptcy Code if the Plan is confirmed within seventy-five days of the Petition Date.

17. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

18.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

19.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry, for cause.

21.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion (including, without limitation, making copies of this Order, the Motion, and any materials or other information related thereto available in any local language in a jurisdiction in which the Debtors operate).

22.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  White Plains, New York
        October 9, 2019

/s/Robert D. Drain
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE